UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                            :
MICHAEL L. PINKNEY,                         : CASE NO. 1:20-CV-2515
                                            :
       Petitioner,                          :
                                            : MEMORANDUM OF OPINION
vs.                                         : AND ORDER
                                            :
ED SHELDON, WARDEN,                         :
                                            :
       Respondent.                          :
                                            :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* Petitioner Michael L. Pinkney filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. He is currently incarcerated in the Richland Correctional Institution, having pled guilty in 2014 to burglary, rape, and obstruction of justice. He claims he is entitled to habeas relief because the criminal complaint was defective, his indictment was fraudulent, and the State of Ohio and the state courts failed to timely respond to his Motion to Show Cause. For the reasons set forth below, the Petition is denied, and the action is dismissed.

## I. Background

    Petitioner contends that on April 22, 2014, he received a call from the victim's mother, with whom he had been having an affair. He claims she invited him to her house around midnight and instructed him to use the unlocked side door in the event she was sleeping when he got there. Petitioner claims he met her as planned but told her it would be their last encounter as he was feeling guilty about the affair. He contends she became angry and started shouting. He

states he feared her shouting would wake others who would report the affair to his girlfriend, so he left the house. He indicates he learned from his sister the next day that his paramour had gone to the police claiming Petitioner had broken into her house and tried to rape her daughter. Petitioner was arrested later that afternoon.

Although Petitioner disputes the charges, he pled guilty to the indictment. He contends he was pressured to do so by his attorney who had no interest in investigating the truth of the allegations against him. He was sentenced in October 2014 to an aggregate total of seventeen years in prison.

Petitioner filed an appeal of his conviction to the Ohio Ninth District Court of Appeals. He indicates his appointed counsel filed an Anders brief stating there were no viable grounds for appeal and asking to withdraw from the case. Petitioner voluntarily dismissed the appeal in 2015.

Five years later, Petitioner filed a Demand for Grand Jury Testimony with the trial court. The court construed his Demand as a Motion and denied relief. Petitioner then filed a Motion to Show Cause under Ohio Civil Procedure Rule 60(b). The trial court indicated Petitioner raised the same grounds that he asserted in his Demand, and also denied this Motion. He appealed that decision; however, the Ohio Appellate Court dismissed the appeal. He did not appeal that decision to the Supreme Court of Ohio.

Petitioner then filed a Writ of Prohibition with the Supreme Court of Ohio. He claimed the trial court lacked subject matter jurisdiction over him because the warrant for his arrest was based on false information and was not based on probable cause. The Court granted the State's Motion to Dismiss without explanation.

Petitioner has now filed this Petition for a Writ of Habeas Corpus. He claims that because the incident did not take place, there was no probable cause for the criminal complaint as required by Ohio Criminal Rule 3. He contends the grand jury indictment is fraudulent because it did not contain the official court seal or the handwritten signature of the grand jury foreman under Ohio Revised Code § 2939.20. He also contends the grand jury voting score was not presented to the Common Pleas Court Judge as required by Ohio Criminal Rule 6. He states it was "rubber-stamped" by the prosecutor based on false information and therefore is downgraded to an "untrue bill." (Doc. No. 1-3 at 1). He claims the State of Ohio and the Ohio Court did not timely respond to his Motion to Show Cause and incorrectly decided his other filings.

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'"[1] Consistent with this goal, when reviewing an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.[2] The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.[3] A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication

---

[1] *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)).

[2] *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008).

[3] 28 U.S.C. § 2254(e)(1).

of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[4]

### III. Procedural Barriers to Habeas Review

Before a federal court will review the merits of a Petition for a Writ of Habeas Corpus, a Petitioner must overcome several procedural hurdles. Specifically, the Petitioner must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus.[5] Exhaustion is fulfilled when a petitioner gives state courts a full and fair opportunity to review his or her claims on the merits.[6] Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim asserted in the habeas Petition.[7] This means it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law,[8] and it must be presented to the state courts under the same legal theory in which it is later presented in federal court.[9]

---

[4] 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 -76 (6th Cir. 2008).

[5] 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004).

[6] *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

[7] *Wagner*, 581 F.3d at 414.

[8] *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984).

[9] *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998).

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement.[10] In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state procedural grounds."[11] A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will

Furthermore, there is a one-year statute of limitation for filing a § 2254 habeas petition.[12] The limitation period runs from the latest of the date on which the judgment became final by the conclusion of direct appeal or the expiration of the time for seeking a direct appeal. If the Petitioner properly files a post-conviction Petition, the time that the Petition is pending will not be counted toward the one-year time limitation.

## IV. Analysis

As an initial matter, Petitioner's grounds for relief are unexhausted. He dismissed his direct appeal. He indicates he asserted his grounds for relief in his Demand for Grand Jury Testimony and his Motion to Show Cause under Ohio Civil Procedure Rule 60(b), which he filed in the trial court. He appealed the denial of those Motions to the Ohio Court of Appeals but did not appeal the dismissal of his appeal to the Supreme Court of Ohio. Instead, he filed a new action in the form of a Writ of Prohibition in the Supreme Court of Ohio. The Court granted the

---

[10] *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

[11] *Coleman v. Thompson*, 501 U.S. 722, 730 (1991).

[12] 28 U.S.C. § 2244(d)(1) and (2).

Respondent's Motion to Dismiss, which sought dismissal on procedural grounds. As explained above, a Petitioner cannot obtain federal habeas relief unless he has completely exhausted his available state court remedies to the state's highest court.[13] None of his grounds for relief have been properly exhausted in the state courts.

Generally, when a Petitioner has not exhausted his state court remedies, there is a "strong presumption" in favor of requiring him to return to state court to complete the exhaustion process.[14] In this case, however, return to state court would be futile because the grounds Petitioner asserts cannot be raised in a federal habeas corpus Petition.

Relief under § 2254 is available to a person in custody under a state court judgment in violation of the Constitution or laws of the United States.[15] The manner in which a state criminal action is initiated in state court is a matter of state law, not federal constitutional law. Similarly, the amount of time the state has to respond to a motion filed in state court is a matter of state procedural law, not federal constitutional law. Federal habeas corpus relief is not available for errors of state law.[16]

The only exception to this principle is where a state court's error in interpreting or applying its own law has rendered the trial that convicted Petitioner so fundamentally unfair that it deprived him of substantive due process.[17] The fundamental fairness principle has only been

---

[13] *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A).

[14] *Granberry v. Greer*, 481 U.S. 129, 131 (1987); *see also O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) (stating that "the Supreme Court has been quite clear that exhaustion is the preferred avenue and that exceptions are to be for narrow purposes only").

[15] 28 U.S.C. § 2254(a).

[16]

[17] *Lopez v. Wilson*, 426 F.3d 339, 351 (6th Cir. 2005).

applied to pretrial proceedings where there is some effect on the fairness of the trial itself. This is not the case here. Petitioner was indicted and he pled guilty to the charges. The manner in which his case was initiated, either by the criminal complaint or the grand jury indictment, did not deny him substantive due process. Furthermore, his Motion to Show Cause was filed well after his conviction and appeals. Any delay that state may have had in responding to it did not affect the fundamental fairness of his trial. The claims asserted in this Petition are not cognizable in federal habeas corpus.

### V. Conclusion

Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis* is granted[18], the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b). Petitioner's Motion to Show Cause, Motion for Appeal Bond, Motion for Default under Rule 60(b), and Motion for Forensic Documentation Examiner,[19] are denied as moot.

IT IS SO ORDERED.

s/ James S. Gwin  
JAMES S. GWIN  
UNITED STATES DISTRICT JUDGE

---

[18] Doc. No. 2

[19] Doc. Nos. 4, 5, 7 and 8