UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
                                              :
MICHAEL L. PINKNEY,              : CASE NO. 1:20-CV-2515
                                              :
       Petitioner,                  :
                                              : MEMORANDUM OF OPINION
vs.                                         : AND ORDER
                                              :
ED SHELDON, WARDEN,          :
                                              :
       Respondent.                :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* Petitioner's Motion for Reconsideration under Federal Civil Procedure Rule 60(b)(6) (Doc. No. 11), Motion for Forensic DNA Expert (Doc. No. 12), Demand for Grand Jury Testimony (Doc. No. 13), Motion to Show Cause (Doc. No. 14) and Motion for Evidentiary Hearing (Doc. No. 16) are before the Court.  In his Motion for Reconsideration, he contests this Court's denial of his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in which he asserted that his criminal complaint and grand jury indictment did not meet the requirements of Ohio Revised Code § 2939.20 and Ohio Criminal Rule 3.  This Court held that although his grounds for relief were not exhausted, they were issues of state law and not cognizable in a federal habeas petition.  Petitioner contends in his Motion for Reconsideration that he did exhaust his state court remedies even though he did it in different types of proceedings.  For the reasons stated below, the Motions are denied.

    Rule 60(b) permits a district court to grant a Motion for Relief from Judgment for any of the following reasons:

>(1) mistake, inadvertence, surprise, or excusable neglect;
>
>(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
>(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
>(6) any other reason justifying relief from the operation of the judgment.

Rule 60(b) does not permit parties to relitigate the merits of claims, or to raise new claims that could have been raised during the litigation of the case or in the initial Complaint or Petition.[1] It also does not afford a defeated litigant a second chance to convince the Court to rule in his or her favor by presenting new explanations, new legal theories, or proof.[2]

Petitioner cites to subsection 60(b)(6) for relief; however, he indicates that the basis of his claim is fraud upon the Court, which is covered by 60(b)(3). The subsections of Rule 60(b) are "mutually exclusive," and subsection (6) can be used only as a residual clause in cases which are not covered under the first five subsections of Rule 60(b).[3] Furthermore, the fraud justifying relief from this judgment in 60(b)(3) is referring to fraud on this Court by a party to this litigation. Petitioner is arguing that his criminal conviction was based on fraudulent testimony. This argument is not one of fraud on this Court. In fact, it is a legal claim which Petitioner raised

---

[1] *See Abdur'Rahman v. Bell*, 392 F.3d 174, 179-80 (6th Cir. 2004) (overruled on other grounds).

[2] *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

[3] *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993).

in this Petition and which this Court considered in its Memorandum of Opinion. It is not a basis for relief from judgment under Rule 60(b)(3).

Even if this claim could be raised under subsection (6), relief from judgment under Rule 60(b)(6) is available only in exceptional or extraordinary circumstances.[4] The decision to grant relief under subsection (6) is made on a case-by-case basis, but requires evidence of a situation that is "unusual and extreme…where principles of equity mandate relief."[5] Petitioner has not presented evidence of "exceptional or extraordinary circumstances" that would justify relief from the Court's judgment under Rule 60(b)(6). Instead, he restates arguments that he previously raised in his Petition. Rule 60(b) does not present an opportunity to relitigate claims that were already brought before the Court.

Accordingly, Petitioner's Motion for Reconsideration under Federal Civil Procedure Rule 60(b)(6) (Doc. No. 11) is denied. Because the Court declines to reopen this case, his Motion for Forensic DNA Expert (Doc. No. 12), Demand for Grand Jury Testimony (Doc. No. 13), Motion to Show Cause (Doc. No. 14) and Motion for Evidentiary Hearing (Doc. No. 16) are denied as moot. The Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

    s/ James S. Gwin
    JAMES S. GWIN
    UNITED STATES DISTRICT JUDGE

---

[4] *McCurry ex. rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 596 (6th Cir.2002); *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

[5] *Olle*, 910 F.2d at 365. *See Thompson v. Bell*, 580 F.3d 423, 442 (6th Cir.2009).